UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IN RE NINOTCHKA JANNETJE MANUS,                10 Civ. 8244 (JGK)

                  Debtor.

FAMILY M FOUNDATION and ELIZABETH              <u>MEMORANDUM OPINION AND</u>
MANUS,                                                <u>ORDER</u>

               Appellants,

      - against -

NINOTCHKA JANNETJE MANUS,

               Appellee.

_____

The appellants, Family M Foundation Ltd. ("Family M") and Elizabeth Manus, appeal from an Order of the United States Bankruptcy Court for the Southern District of New York (Chapman, S.) dated September 2, 2010,[1] denying a motion for reconsideration of that Court's prior oral ruling of June 17, 2009.

---

[1] Order (I) Denying Elizabeth Manus and Family M. Foundation, Ltd.'s Motion for Relief from the Stay or Dismissal of this Case and to Reconsider Under Rule 60 of the Federal Rules of Civil Procedure the Verbal Decision by Judge Beatty Dated June 17, 2009, and (II) Placing in Abeyance Debtor's Request for the Determination of Standing of Claimants and the Unsecured Status of their Claim, (A) Demand for Turnover of Apartment Stock Certificate and (B) Request for Related Relief, <u>In re Ninotchka Jannetje Manus</u>, No. 05-10338 (SCC) (Bankr. S.D.N.Y. Sept. 2, 2010), attached as Ex. U to Answering Br. of Appellee Ninotchka Jannetje Manus ("Appellee Ex. U").)

**I.**

The underlying factual and procedural history of this case is complicated.  Appellant Family M is an investment company founded by Allen Manus in 1992 under the laws of the Cayman Islands.  (Memorandum and Order of Judge Buchwald dated September 12, 2005, attached as Ex. K to App. to the R. Accompanying Mem. of Law of Appellants ("Appellants Ex. K") at 1.)  Before Allen Manus' death, he divided the shares of Family M equally between Elizabeth Manus, his third wife; Jane von Richthofen, his daughter from his first wife; and Ellen Sue Goldberg, his niece.  (Appellants Ex. K at 1-2.)  Elizabeth Manus is one of the appellants in this case.  Mr. Manus' second wife, Ninotchka Manus, is the appellee in this case.

In 1994, Family M entered into an agreement to loan $400,000 to the appellee, Ninotchka Manus.  (Order of Justice Fried dated July 1, 2004, attached as Appellants Ex. A at 1.)  In 1998, Family M brought an action against the appellee in the New York State Supreme Court, New York County, for breach of the loan agreement, and the parties thereafter entered into a settlement agreement whereby the appellee agreed to pay the sum owed and pledged as security a certificate representing her entire ownership in her New York City apartment.  (Appellants Ex. A at 2.)  In 2004, Family M brought a motion seeking to enforce this settlement agreement, which was granted by Justice

Fried of the New York State Supreme Court, New York County.
(Appellants Ex. A at 7.)

On January 18, 2005, appellee Ninotchka Manus filed for
bankruptcy protection pursuant to Chapter XI of the Bankruptcy
Code.  On October 20, 2006, the appellants filed a motion to
dismiss the Chapter XI proceeding and, in January 2007,
appellant Elizabeth Manus filed a proof of claim on behalf of
Family M in the amount of $870,000.  Raymond Kalley, a trustee
of the EB Trust and PB Trust[2] who claims that he possesses an
ownership interest in Family M, also filed a proof of claim for
$985,397 on behalf of Family M.  On February 9, 2007, the
appellee filed (I) Objection to and Motion to Disallow Claim of
Family M Foundation Ltd. and/or Elizabeth Manus (Claim No. 5)
and Claim of Raymond Kalley (Claim No. 4) pursuant to sections
502(B) and (D) and 105(A) of the Bankruptcy Code and Bankruptcy
Rule 3007 (II) Request for Turnover of Property of the Debtor,

---

[2] The EB Trust and PB Trust were investment vehicles designed to
facilitate investments with Allen Manus.  (Order of Justice
Fried dated July 7, 2008, attached as Appellants Ex. F at 3.)
Mr. Kalley claimed that Elizabeth Manus' shares had been
transferred to him as part of her Chapter XI bankruptcy
proceedings (later converted into a Chapter 7 proceeding),
following a lawsuit against her and Allen Manus for securities
fraud in which Mr. Kalley, acting in his capacity as trustee,
obtained a judgment of approximately $1 million.  (Appellants
Ex. F at 3-4; Stipulated Order Granting Motion to Approve
Settlement Between Trustee and Raymond Kalley, attached as
Appellee Ex. L.)

namely the Debtor's stock certificate and her New York City cooperative apartment, pursuant to section 542 of the Bankruptcy Code and (III) Request for Related Relief (collectively the "First Objection"). (Order of Judge Beatty dated April 2, 2008, attached as Appellants Ex. H.)  In essence, Ninotchka Manus sought to disallow claims against her and to assure she could keep her apartment that she had pledged as security for her settlement agreement with Family M.

At a hearing on January 30, 2008, Bankruptcy Judge Prudence C. Beatty indicated that there was no basis to dismiss the case at that point. (Tr. of Jan. 30, 2008 Hr'g before Judge Beatty, attached as Ex. S to Answering Br. of Appellee Ninotchka Jannetje Manus ("Appellee Ex. S") at 46.)  On April 2, 2008, Judge Beatty issued a written order placing the First Objection and all cross-motions in abeyance pending the final adjudication of civil litigation in the New York State Supreme Court, New York County (the "Written Order"). (Appellants Ex. H.)  The civil litigation ("Manus II") concerns a dispute over the ownership of Family M.[3]

---

[3] The civil actions that comprise Manus II are Ninotchka Jannetje Manus v. Family M. Foundation, Ltd., Index No. 602326/04 and Family M. Foundation, Ltd. v. Ninotchka Manus a/k/a Ninotchka Tenhoopen and Ninam International, Ltd. S.A., Index No. 605207/98.

On May 28, 2009, the appellants moved to renew the motion to lift the automatic stay or alternatively to dismiss the bankruptcy proceeding.  During a hearing on June 17, 2009, Judge Beatty denied this motion and clarified that her intention in issuing the Written Order in 2008 had been to stay the entire bankruptcy proceeding until the conclusion of the <u>Manus II</u> litigation, rather than simply to place the First Objection and cross-motions in abeyance (the "Oral Ruling").  (Tr. of June 17, 2009 Hr'g before Judge Beatty, attached as Appellants Ex. G ("Beatty Hr'g Tr.") at 4-6, 10, 14, 19.)  Judge Beatty explained that she viewed the question of the ownership of Family M raised in the <u>Manus II</u> litigation to be a threshold issue that required resolution before the bankruptcy proceeding could move forward. (Beatty Hr'g Tr. at 5, 8, 10.)  Judge Beatty invited the appellants to settle an order incorporating this oral ruling (Beatty Hr'g Tr. at 21-22), but no written order was entered and no appeal was taken.

On May 5, 2010, the appellants filed a motion in the Bankruptcy Court for relief from the stay or dismissal of the bankruptcy proceeding, and to reconsider Judge Beatty's June 17, 2009 oral ruling pursuant to Federal Rule of Civil Procedure

60(b).  Bankruptcy Judge Shelly C. Chapman[4] held a hearing on
August 12, 2010, and listened to argument on the appellants'
motion.  (Tr. of Aug. 12, 2010 Hr'g before Judge Chapman,
attached as Appellants Ex. M ("Chapman Hr'g Tr.").)  Judge
Chapman indicated at the hearing that she considered the motion
for reconsideration to be a threshold issue that must be decided
before she could reach the appellants' remaining motions.
(Chapman Hr'g Tr. at 3, 19.)  Judge Chapman also explained at
several points during the hearing that she saw no basis for
reconsidering Judge Beatty's previous order.  (Chapman Hr'g Tr.
at 3, 12, 19.)  Judge Chapman issued a written order dated
September 2, 2010, denying the appellants' motion and placing
the appellee's requests in abeyance.  (Appellee Ex. U.)  The
appellants now appeal this September 2, 2010 Order of Judge
Chapman denying their Rule 60(b) motion for reconsideration of
Judge Beatty's oral ruling of June 17, 2009.


## II.

The appellants contend that the Bankruptcy Court erred in
denying their motion to reconsider Judge Beatty's oral ruling of
June 17, 2009 pursuant to Federal Rule of Civil Procedure 60(b).
They assert that Judge Beatty's oral ruling misconstrued her

---

[4] Judge Beatty retired in the time between the June 17, 2009 Oral
Ruling and the August 12, 2010 hearing.

prior written order of April 2, 2008 and that this constituted a
"mistake" or "other reason that justifies relief" within the
meaning of Rule 60(b).  Thus, they argue, Judge Chapman erred in
not granting their motion for reconsideration.


                                A.

     In general, a district court reviews the bankruptcy court's
findings of fact for clear error and its legal conclusions de
novo.  See In re Bell, 225 F.3d 203, 209 (2d Cir. 2000); In re
Metaldyne Corp., 421 B.R. 620, 624 (S.D.N.Y. 2009); Fed. R.
Bankr. P. 8013.  A district court reviews the bankruptcy court's
denial of a Rule 60 motion for abuse of discretion.  See, e.g.,
In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002); In re
Teligent, Inc., 326 B.R. 219, 224 (S.D.N.Y. 2005).  "A ruling is
an abuse of discretion only if the bankruptcy court 'bases its
ruling on a mistaken application of the law or a clearly
erroneous finding of fact.'"  Peskin v. Picard, 440 B.R. 579,
584 (S.D.N.Y. 2010) (quoting Duane Reade, Inc. v. St. Paul Fire
& Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005)).

     Rule 60(b) sets forth the grounds on which a court, in its
discretion, can provide relief from a final judgment or order.
See Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61
(2d Cir. 1986).  Rule 60(b) allows a court to relieve a party
from a final judgment for, among other reasons, "(1) mistake,

                                7

inadvertence, surprise, or excusable neglect"; "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b) exists to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61.  While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually.  Id.  Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Minima v. N.Y.C. Dep't of Homeless Servs., No. 09 Civ. 1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010); Meteor AG v. Fed Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov. 18, 2009).

B.

Judge Chapman did not abuse her discretion in concluding that there was no basis under Rule 60(b) to vacate or reconsider Judge Beatty's Oral Ruling.  In their motion for reconsideration before Judge Chapman, the appellants argued that Judge Beatty erred in her Oral Ruling when she interpreted her own prior Written Order as staying the entire bankruptcy proceeding.  They asserted that the clear text of Judge Beatty's Written Order indicated that only the appellee's Claim Objection Motion and

the appellants' Cross-Motion for Abstention were being placed in abeyance, rather than the entirety of the bankruptcy proceeding. Judge Chapman rejected this argument, concluding that Judge Beatty's interpretation of her own Written Order was reasonable based on the text of the Written Order and the implications fairly drawn from it.  As Judge Chapman explained:

> [Judge Beatty] later said that's not what I – I'm telling you that by implication what I meant [was to stay the entire proceeding] . . . .  And I – unless you have some basis for telling me that, you know, she was speaking in tongues, I cannot conclude that Judge Beatty erroneously construed her own order.

(Chapman Hr'g Tr. at 19.)

Judge Chapman did not err in reaching this conclusion. While it is true that the text of the Written Order only refers explicitly to the appellee's Claim Objection Motion and the appellants' Cross-Motion for Abstention (Apellants Ex. H), Judge Beatty explained in issuing her Oral Ruling that "[i]t was implicit in the entire order that we were leaving things in place until the State Court litigation was resolved." (Beatty Hr'g Tr. at 6.)  It was not unreasonable for Judge Beatty to interpret her Written Order in this fashion, especially in light of the deference afforded to a bankruptcy court's interpretation of its own orders.  See, e.g., In re Casse, 198 F.3d 327, 333-34 (2d Cir. 1999) (bankruptcy court's interpretation of its own order warrants appellate deference); In re Tomlin, 105 F.3d 933,

941 (4th Cir. 1997) ("The bankruptcy court was in the best
position to interpret its own orders." (internal quotation marks
and citations omitted)).  Thus, Judge Chapman did not abuse her
discretion in determining that Judge Beatty's interpretation of
her prior Written Order did not constitute a "mistake" or other
"reason that justifies relief" within the terms of Rule 60(b).

Moreover, Judge Chapman correctly reasoned that Judge
Beatty had the power to depart from and modify her Written Order
if she so chose.  Judge Chapman explained:

> [I] don't find a basis to second guess Judge Beatty's
> construction, interpretation, modification of her own
> order.  She had the right to do that.  She could have said
> to you, you know what, that order was – didn't go far
> enough, I'm hereby modifying it. . . .  But she – her
> intent was crystal clear:  Go back to the State Court and
> get it all done and come before me and tell me definitively
> who owns Family M.

(Chapman Hr'g Tr. at 26-27.)  Thus, as Judge Chapman noted, to
the extent that Judge Beatty's Written Order was unclear, Judge
Beatty was entitled to modify or alter its terms, see, e.g., In
re Petition of Bd. of Dir. of Hopewell Int'l Ins., Ltd., 272
B.R. 396, 408 (Bankr. S.D.N.Y. 2002), and her subsequent Oral
Ruling made pellucidly clear that she intended to stay the
entire bankruptcy proceeding.  (Beatty Hr'g Tr. at 5-6.)  It was
plainly within Judge Beatty's discretion to alter her Written
Order to stay the bankruptcy proceeding pending the outcome of
the state court proceedings.  During the June 17, 2009 hearing,

Judge Beatty invited the appellants to settle an order incorporating her Oral Ruling (Beatty Hr'g Tr. at 21, 22), but no written order was entered and no appeal was taken. Thus, even to the extent that Judge Beatty's Oral Ruling departed from her Written Order, the ruling was well within Judge Beatty's discretion and Judge Chapman properly found no basis for vacating or reconsidering this determination.

Furthermore, Judge Chapman properly concluded that Judge Beatty had well-founded reasons for staying the entire bankruptcy proceeding pending the outcome of the Manus II litigation. Judge Chapman explained that "[Judge Beatty] ruled that it was of interest to her who owned Family M before she was willing to entertain a claim and anything else, that that, for her, that was a gating issue. And I don't disagree with that conclusion." (Chapman Hr'g Tr. at 20.) It was reasonable for both Judge Chapman and Judge Beatty to conclude that the determination of who owns Family M was an important threshold issue that needed to be resolved before the bankruptcy proceeding could move forward.

Thus, Judge Chapman did not err when she rejected the appellants' argument that Judge Beatty made a mistake warranting Rule 60(b) relief in interpreting her Written Order to stay the entire bankruptcy proceeding. Moreover, Judge Chapman properly found that no other basis for relief under Rule 60(b) was

11

available.  While new evidence or a supervening change in
governing law may warrant Rule 60(b) relief, Judge Chapman
correctly reasoned that no circumstances had changed since Judge
Beatty issued her Oral Ruling that would indicate that this
decision was erroneous (Chapman Hr'g Tr. at 12) and Judge Beatty
also concluded that no circumstances had changed when she
interpreted her prior Written Order.  (Beatty Hr'g Tr. at 10-11,
21.)  Nor have the appellants demonstrated any exceptional
circumstances that warrant Rule 60(b) relief here.  Instead,
Judge Beatty properly exercised her discretion to stay the
bankruptcy proceeding pending the outcome of the Manus II
litigation.  Judge Chapman, in turn, did not abuse her
discretion in refusing to vacate or reconsider Judge Beatty's
decision.

It also was not an abuse of discretion for Judge Chapman to
limit her decision to the Rule 60(b) question and not to reach
the merits of the appellants' remaining motions.  Judge Chapman
considered the issue of "whether or not I'm going to
reconsider/modify/vacate Judge Beatty's oral ruling" to be a
threshold issue because "I don't really get to some of the more
substantive issues unless I get past that." (Chapman Hr'g Tr.
at 3.)  This decision was reasonable because, unless Judge
Chapman chose to reconsider Judge Beatty's decision and lift the
stay imposed, the bankruptcy proceeding remained stayed and

there was no reason to consider any other motions in that
proceeding.

Thus, Judge Chapman did not abuse her discretion in
concluding that there was no basis under Rule 60(b) to
reconsider or vacate Judge Beatty's Order of June 17, 2009, nor
in declining to reach the merits of the appellants' remaining
motions.  Accordingly, the Bankruptcy Court's Order of September
2, 2010 is **affirmed**.

## CONCLUSION

The Court has considered all of the arguments of the
parties.  To the extent not specifically addressed above, the
remaining arguments are either moot or without merit.  For the
foregoing reasons, the Bankruptcy Court's September 2, 2010
Order is **affirmed**.  The Clerk is directed to close this case.
**SO ORDERED.**

**Dated:**      **New York, New York**
             **November/0, 2011**

John G. Koeltl
United States District Judge

13